**TRADEMARK HOMES, Appellee,**

v.

**AVON LAKE BOARD OF ZONING APPEALS, Appellant.**

[Cite as *Trademark Homes v. Avon Lake Bd. of Zoning Appeals* (1993), 92 Ohio App.3d 214.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005622.

Decided Dec. 22, 1993.

James Smith, for appellee.

*Russell Provenza,* for appellant.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of the Avon Lake Board of Zoning Appeals from the judgment of the Lorain County Court of Common Pleas reversing its order denying a variance to the appellee, Trademark Homes ("Trademark"). We reverse.

The lot that is the subject matter of this controversy is designated Lorain County Permanent Parcel No. 04–00–019–0109–048 and is located on the north side of Electric Boulevard, in Avon Lake. Measuring forty feet wide by one hundred fifty feet deep, it is the west portion of the original sublot 21. The east portion, measuring fifty feet wide, was joined to a neighboring property by a previous owner.

The lot is located in an area of Avon Lake zoned as an R–1 Residence District. In that zone, a single-family dwelling may not be built on a lot that has less than fifteen thousand square feet, or a frontage of less than one hundred feet. Before sublot 21 was split, it conformed to the zoning regulations; after the split, the remaining forty-foot lot did not.

Trademark admits that it knew of the zoning restriction when it purchased its interest in the property. Accordingly, it requested a variance to allow it to build a single-family dwelling on the lot. After the building inspector denied its request, Trademark appealed to the board.

At a regular board meeting, Trademark presented its request and the board also received other comments. The board then found that Trademark had failed to establish that the application of the zoning regulation to the lot would be unreasonable. Consequently, it ordered that the variance be denied.

Trademark appealed the administrative order to the court of common pleas, pursuant to R.C. 2506.01. That court found the board's decision to be unreasonable and arbitrary because the zoning ordinance would deprive any owner of a forty-foot lot of the use of his land without due process of law. The court directed the board to grant the variance. It is from that judgment that the board appeals, asserting three assignments of error.

### Assignment of Error I

"The final order of the Court of Common Pleas of Lorain County was error as the appeal was not perfected [or] effective and said court did not obtain jurisdiction of the matter."

■ The board argues that Trademark's appeal to the court of common pleas was never perfected because it failed to file an appeal bond as required by R.C. 2505.06. This court considered this question in *Bettio v. Northfield* (Mar. 6, 1991), Summit App. Nos. 14621 and 14622, unreported, 1991 WL 35113, holding that "a supersedeas bond pursuant to R.C. 2505.06 * * * is required only where a judgment has been rendered for monetary damages." Since this controversy involves no monetary damages, the board's first assignment of error is not well taken.

## Assignment of Error II

"The final order of the Court of Common Pleas of Lorain County was error as the appellee was not the true party in interest as a nonowner of an interest in the land involved and had no standing to take any action pertaining to said parcel."

■ The board's failure to object to Trademark's standing during the administrative adjudication operates as a waiver. In *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629 (concerning an appeal to a court of common pleas from an order of a Board of Building Standards and Building Appeals), the Ohio Supreme Court held that "errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal." *Id.* at 43, 70 O.O.2d at 124, 322 N.E.2d at 630. The same is true of administrative adjudications: "By failing to bring the matter to the attention of the board, appellee effectively waived the right to appeal upon that ground." *Id.* The board's second assignment of error is not well taken.

## Assignment of Error III

"The final order of the Court of Common Pleas of Lorain County was error as the appellant's action in denying the appeal from the building inspector's refusal to grant a zoning permit and grant a variance was a proper exercise of the police power with a nexus for the protection of the public health, safety and welfare."

The court of common pleas reversed the board's order because it found the zoning ordinance to be a constructive taking of private property, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The board counters that its enforcement of Avon Lake's zoning ordinance is a constitutionally valid exercise of the police power. While both Trademark and the board address the board's factual determinations in their briefs, the court below did not base its judgment upon those considerations. Accordingly, this court limits its review to the constitutional question.

The trial court's finding is incorrect as a matter of law for three reasons. It represents a misunderstanding of what constitutes an unlawful taking, prevents the enforcement of a city ordinance without overcoming the presumption of validity, and frustrates the legitimate exercise of the city's police power.

## Takings Clause

In *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 613 N.E.2d 580, the Ohio Supreme Court discussed the Takings Clause:

"[C]itizens acquire a 'bundle of rights' when they take title to property. In accordance with the Takings Clause, the 'bundle' cannot be held subject to the state's subsequent decision to eliminate all economically beneficial uses and a regulation having such effect cannot be enacted or sustained without compensation being paid to the owner. * * * *Lucas v. South Carolina Coastal Council* (1992), 505 U.S. ——, ——, 112 S.Ct. 2886, 2899, 2901, 120 L.Ed.2d 798, 820–821." *Id.* at 457, 613 N.E.2d at 585.

In that case, enforcement of a zoning regulation was held not to be a taking because the property owner bought the property knowing of the restriction and had not lost "all economically beneficial uses." *Id.* at 458, 613 N.E.2d at 585.

The government impermissibly confiscates private property only where its actions for public benefit leave the owner with virtually no sticks left in his bundle of ownership rights and then fails to compensate him for that loss. Zoning ordinances can result in constructive taking under these circumstances. Zoning restrictions which attempt to totally restrict the owners in the use of their property, absent compliance with the zoning restrictions, and which render the property as it is presently situated effectively valueless without any corresponding public benefits constitute unconstitutional takings. *Schreiner v. Russell Twp. Bd. of Trustees* (1990), 60 Ohio App.3d 152, 155, 573 N.E.2d 1230, 1232–1233.

This court considered whether land with some remaining value had been unlawfully taken in *Beck v. Springfield Twp. Bd. of Zoning Appeals* (1993), 88 Ohio App.3d 443, 624 N.E.2d 286. The owners in that case were not able to show that their land was rendered valueless because their land still had some value, albeit not for the use to which they had planned to put it. This court found there was no taking. *Id.* at 447, 624 N.E.2d at 288. Likewise, enforcement of Avon Lake's zoning ordinance will disappoint Trademark. It will result in the land having less value to Trademark than it would have with a house on it. As the Supreme Court of the United States recognized:

"By its nature, zoning 'interferes' significantly with owners' uses of property. It is hornbook law that '[m]ere diminution of market value or interference with

the property owner's personal plans and desires relative to his property is insufficient to invalidate a zoning ordinance or to entitle him to a variance or rezoning. [Citation omitted.]" *Eastlake v. Forest City Enterprises, Inc.* (1976), 426 U.S. 668, 674, 96 S.Ct. 2358, 2363, 49 L.Ed.2d 132, 138, fn. 8.

Conversely, "[e]vidence that the granting of an application for a zoning variance would result in increasing the value of the affected property * * * does not in itself render the denial of the application for a variance unconstitutional." *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400, paragraph one of the syllabus.

### Presumption of Validity

City ordinances enjoy a presumption of constitutionality and "will not be disturbed * * * unless it is shown that the action taken by the municipality in denying the property owner the unrestricted use of his property is arbitrary, capricious and bears no reasonable relationship to health, safety, morals or general welfare." *Pepper Pike v. Landskroner* (1977), 53 Ohio App.2d 63, 70, 7 O.O.3d 44, 48, 371 N.E.2d 579, 583. See *Negin v. Bd. of Bldg. & Zoning Appeals* (1982), 69 Ohio St.2d 492, 495, 23 O.O.3d 423, 424–425, 433 N.E.2d 165, 168. There is nothing in the record before us to rebut that presumption.

In *Negin,* the owners were able to rebut the presumption of constitutionality because the only other uses to which the land could be put were found to be illusory. Two factors distinguish that case from the case before this court. First, in *Negin* the proposed buyer was a hypothetical homeowner's association which did not exist. Second, the owners' land was nonconforming prior to zoning. In Trademark's case, there is evidence that the neighbors have expressed interest in buying the lot and, more importantly, the owner acquired its interest knowing that it would require a variance in order to build.

### Police Power

The enforcement of zoning ordinances is a valid exercise of the police power granted to municipalities in the home rule provisions of Section 3, Article XVIII of the Ohio Constitution, which provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Zoning ordinances with a rational relationship to "the health, safety, morals or general welfare of a community are constitutionally within the police power of a municipal government." *Pepper Pike,* 53 Ohio App.2d at 69, 7 O.O.3d at 47, 371 N.E.2d at 583. Accordingly, a reviewing court will be reluctant to substitute its judgment for that of the city's zoning board. *Ketchel v. Bainbridge Twp.* (1990),

52 Ohio St.3d 239, 246, 557 N.E.2d 779, 785. "The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations, and the judicial judgment is not to be substituted for the legislative judgment in any case in which the issue * * * is fairly debatable." *Willott v. Beachwood* (1964), 175 Ohio St. 557, 560, 26 O.O.2d 249, 251, 197 N.E.2d 201, 204.

■ Avon Lake's minimum lot size and frontage within the R–1 Residence District is at least rationally related to the community's welfare. There was ample evidence given at the board's meeting and submitted to the court of common pleas tending to prove the city's interest in maintaining these standards. Since the trial court did not evaluate the quality of the evidence upon which the board based its order, this court must assume that the trial court found no defect.

The minimum lot size under the zoning ordinance is two hundred fifty percent larger than the lot for which Trademark demands a variance. Trademark has given this court no legal authority for such a large exception. A board of zoning appeals is not authorized to rezone an area of the city. Under R.C. 713.11(A), administrative boards are only authorized to "permit exceptions to and variations from the district regulations * * * and to administer the regulations as specified therein." Because of the magnitude of Trademark's request, a variance in its case would amount to a rezoning. The trial court's judgment seems to go even further, disallowing a minimum frontage of more than forty feet anywhere in the city. This is outside the court's authority.

The trial court was incorrect when it found Avon Lake's zoning ordinance a violation of due process. Municipalities may regulate land use and lot size so long as the regulation bears a rational relationship to community health, safety, or welfare. The Ohio Supreme Court addressed the limitations on a trial court's authority to find a zoning ordinance unconstitutional in *Columbia Oldsmobile, Inc. v. Montgomery* (1990), 56 Ohio St.3d 60, 564 N.E.2d 455:

"This case presents the question of whether a trial court must uphold a municipal zoning ordinance when there is competent, credible evidence that the ordinance allows the landowners to retain an economically viable use of their land and that the ordinance substantially advances a legitimate governmental interest in the health, safety or welfare of the community. We answer this question in the affirmative." *Id.* at 62, 564 N.E.2d at 457.

The record shows that the board considered the effect on the community and on the owner when it decided to deny Trademark a variance and that competent, credible evidence meeting this test was before the trial court. Accordingly, the judgment of the trial court is reversed and the board's order affirmed.

*Judgment reversed.*

QUILLIN, P.J., and DICKINSON, J., concur.