Plaintiffs Structural Sales Corporation and Dayton Freight Lines Inc. have appealed from a judgment of the Summit County Common Pleas Court that affirmed the denial of their application for a special use zoning permit by defendant Village of Boston Heights. Plaintiffs have argued that: (1) the common pleas court incorrectly failed to find the actions of the Boston Heights Planning Commission and Boston Heights City Council to be contrary to law; and (2) the common pleas court incorrectly failed to receive additional evidence and to grant them oral argument.[1] This Court affirms the judgment of the common pleas court because: (1) plaintiffs' challenges to the Village's actions were barred by res judicata and, furthermore, the decision of the Village was not unconstitutional and was supported by a preponderance of substantial, reliable, and probative evidence; and (2) plaintiffs did not proffer the additional evidence they wished the common pleas court to receive or even suggest the nature of that evidence, and no oral argument was necessary or required.
 I.
Plaintiffs planned to construct a truck terminal on their property within the Village limits.[2] The property is located on East Hines Hill Road, near State Route 8, and is zoned I-1 Light Industrial. Before they could develop the site, plaintiffs were required to obtain a special use zoning permit, so they applied to the Village for one on March 16, 1995. At that time, Section 1161.01(c) of the Village's Codified Ordinances permitted the operation of a truck terminal within I-1 Light Industrial districts, upon "special authority" of city council, provided that the "ingress or egress to such premises from a state highway will not pass through or be adjacent to a residential district." The Village's planning commission discussed the application at meetings held April 18, 1995, and May 16, 1995. It ultimately recommended not to approve the application.
On July 12, 1995, the Village's council passed an ordinance that deleted Section 1161.01(c) from its Codified Ordinances. On August 16, 1995, and September 13, 1995, it held the first and second readings of plaintiffs' zoning application. On October 5, 1995, plaintiffs filed an action in federal court, asking for a declaration that they were entitled to operate a truck terminal on their property, for an injunction to require the Village to grant their zoning application, and for damages.
On February 7, 1996, the Village reviewed plaintiffs' application and denied it because the ingress and egress would have been "adjacent" to a residential district. Plaintiff appealed that decision to the Summit County Common Pleas Court. Upon a motion by the Village, the common pleas court stayed that action, pending the outcome of the federal case.
Trial commenced in the federal district court during February 1997. On April 7, 1997, it released its opinion, ruling in favor of the Village and against plaintiffs. Structural SalesCorp. v. Boston Heights (Apr. 7, 1997), N.D. Ohio No. 1:95CV2141, unreported.
Plaintiffs moved the Summit County Common Pleas Court to receive additional evidence, pursuant to Section 2506.03 of the Ohio Revised Code, in their appeal from the denial of their application, on the grounds that the Village had received unsworn testimony during its hearing. On March 4, 1998, the common pleas court denied plaintiffs' motion that it receive additional evidence and affirmed the Village's denial of the zoning application, ruling that the arguments raised by plaintiffs in their appeal were the same as those raised before the federal district court. As such, the common pleas court determined that their claims were barred by res judicata. In addition, it found that the Village's decision was supported by a preponderance of substantial, reliable, and probative evidence. From that decision, plaintiffs timely appealed to this Court.
 II. A.
Plaintiffs' first assignment of error is that the common pleas court incorrectly failed to find that the actions of the Village's Planning Commission and City Council were contrary to law. The bases of their argument are that: (1) once the Village passed Section 1161.01(c) of its Codified Ordinances, providing for the use of property as a truck terminal within an I-1 Light Industrial zone, it was required to allow that use once a "lawful application" was made; (2) the criteria of Section1161.01(c) were too vague to be applied and, therefore, the Village's decision, based on an application of that section, was unconstitutional; and (3) the Village erred by concluding that the ingress and egress to plaintiffs' property would have been adjacent to a residential district.
Pursuant to the version of Section 1161.01(c) in effect when plaintiffs filed their zoning application:
 Truck terminals will be permitted in the district upon special authority granted by Council where ingress or egress to such premises from a State highway will not pass through or be adjacent to a residential district.
In its final entry affirming the Village's decision to deny plaintiffs' application for a zoning permit, the common pleas court ruled that, because plaintiffs raised the same claims before it as had been litigated in federal court, those claims were barred by res judicata. Res judicata encompasses both claim preclusion and issue preclusion (traditionally known as collateral estoppel). Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,381. The doctrine of claim preclusion provides that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Id. at 382. Issue preclusion, on the other hand, prevents relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action, that was based on a different cause of action. Fort Frye Teachers Assn., OEA/NEA v. State Emp.Relations Bd. (1998), 81 Ohio St.3d 392, 395; see, also, Ameighv. Baycliffs Corp. (1998), 81 Ohio St.3d 247, 249. The federal district court determined that Section 1161.01(c) of the Village's Codified Ordinances was not unconstitutional under either the federal or Ohio constitutions. It further found that the Village had considered the relevant factors, as required by Section 1161.01(c), and had not erred by deciding that the ingress and egress would be "adjacent" to a residential district. The Sixth Circuit Court of Appeals affirmed that decision. Structural Sales Corp. v. Boston Heights (Oct. 6, 1998), C.A.6 No. 97-3530, unreported, 1998 U.S. App. LEXIS 24979.
In their brief to this Court, plaintiffs have not argued that the common pleas court improperly applied res judicata. In fact, they have only argued that Section 1161.01(c) was too vague to be adequately applied by the Village and that the Village erred by concluding that the ingress and egress to their property would be adjacent to a residential district. Pursuant to Rule 12(A)(1)(b) of the Ohio Rules of Appellate Procedure, this Court shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under [Rule 16], the record on appeal under [Rule 9], and, unless waived, the oral argument under [Rule 21] * * *." Plaintiffs have not argued that the common pleas court's judgment was in error. They have instead argued the merits of their case. Consequently, this Court will not reverse the judgment of the common pleas court.
In plaintiffs' only attempt to rebut the Village's argument that res judicata was correctly applied, they have argued that the defense of res judicata was not properly raised by the Village because it failed to assert that defense in a responsive pleading. They have cited Rule 8 of the Ohio Rules of Civil Procedure, State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, Johnson v. Wilkinson (1992), 84 Ohio App.3d 509, and Johnson v. Linder (1984), 14 Ohio App.3d 412, to support their position. Essentially, plaintiffs have argued that the Village improperly raised the defense of res judicata
in its motion to dismiss. The cases cited by plaintiffs, however, dealt with motions to dismiss in original actions. This case was an appeal from an administrative agency's decision. Consequently, there was no responsive pleading in which the Village could have raised the defense of resjudicata. Rule 7(A) of the Ohio Rules of Civil Procedure defines a pleading as a complaint, an answer to that complaint, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer. In this case, plaintiffs filed a notice of appeal to the Summit County Common Pleas Court. The Village raised the defense of res judicata
in response to plaintiffs' motion for an "expedited trial denovo." That was the first opportunity the Village had to assertres judicata. Plaintiffs did not object when the Village raised that defense in its motion to dismiss or move the common pleas court to strike that motion. Consequently, plaintiffs waived any error by the common pleas court in ruling on the Village's argument that res judicata barred their claims.
Even if res judicata did not apply in this situation, however, the judgment of the common pleas court would still be affirmed. Reaching the merits of plaintiffs' arguments, this Court concludes that Section 1161.01(c) of the Village's Codified Ordinances was not too vague and that the Village's decision was supported by the record. First, plaintiffs have alleged that Section 1161.01(c) of the Village's Codified Ordinances was vague and provided no standards to guide the council in making its determination. An ordinance that does not contain sufficient criteria or standards to guide council in the exercise of its discretion is unconstitutional and invalid. See Consolidated Mgmt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238,242; State ex rel. Associated Land Investment Corp. v.Lyndhurst (1958), 168 Ohio St. 289, 296. In this case, there are only two criteria that must be satisfied to obtain a zoning permit to operate a truck terminal, pursuant to Section1161.01(c): (1) that the property be located within an I-1 Light Industrial district; and (2) that ingress or egress to such property from a state highway not pass through or be adjacent to a residential district. Plaintiffs have argued that the word "adjacent" was incorrectly defined and improperly applied by the Village. Contrary to plaintiffs' arguments, however, this Court concludes that the word "adjacent," found in Section 1161.01(c) of the Village's Codified Ordinances, was not too vague and provided sufficient guidelines to the Village to determine whether plaintiffs' zoning application should have been granted. See Loichot v. Allstate Dev. Corp. (1963),33 Ohio App.2d 121, 125. The Village, therefore, had sufficient criteria to decide whether to grant plaintiffs' application. Consequently, its application of Section 1161.01(c) to the facts before it was not unconstitutional.
Second, plaintiffs have challenged the decision itself, claiming that the ingress and egress to their property were not adjacent to a residential district. When reviewing an appeal from an administrative agency, pursuant to Chapter 2506 of the Ohio Revised Code, this Court's review is limited to whether, as a matter of law, a preponderance of substantial, reliable, and probative evidence existed to support the agency's decision. See Howard v. Coventry Twp. Bd. of Zoning Appeals
(1996), 110 Ohio App.3d 691, 693. The Village held a hearing on the zoning application on February 7, 1996. At that hearing, one of plaintiffs' representatives admitted that the corner of their property was approximately 55 feet from the corner of the nearest residential district.
Adjacent is defined in Black's Law Dictionary (1990) 41 as: "Lying near or close to; sometimes, contiguous; neighboring.Adjacent implies that the two objects are not widely separated, though they may not actually touch, * * * while adjoining
imports that they are so joined or united to each other that no third object intervenes." The Village construed "adjacent" consistent with that definition in the ordinance denying plaintiffs' zoning application:
 "[A]djacent" means "near or in close proximity" and does not require that the residential zoned property actually be contiguous or touching, but would include property that is contiguous or touching. The term "adjacent" when modified by the term "immediately" means contiguous or touching.
The Village did not improperly define "adjacent," and could use that definition to determine whether the ingress or egress to plaintiffs' property was adjacent to a residential district.
According to the hearing transcript and a map showing the area surrounding the proposed truck terminal, trucks may turn either east or west when exiting plaintiffs' property. Plaintiffs argued that trucks leaving the property would not turn east, but would instead proceed west to the interstate. If a truck turned east, however, it would pass directly by the nearest residential district. The Village did not err, therefore, when it determined that the ingress and egress to a state highway would be adjacent to a residential district. The Village's denial of plaintiffs' zoning application was supported by a preponderance of substantial, reliable, and probative evidence. The common pleas court did not err by affirming that decision. Consequently, plaintiffs' first assignment of error is overruled.
 B.
Plaintiffs' second assignment of error is that the common pleas court incorrectly failed to receive additional evidence and to grant them oral argument, as required by Rule 21 (A) of the Ohio Rules of Appellate Procedure. According to plaintiffs, when the common pleas court denied their motion to receive additional evidence, it ignored Rule 19.04 of the Rules of the Summit County Common Pleas Court, which required it to set a conference to determine whether any additional evidence should be received.
Pursuant to Section 2506.03 of the Ohio Revised Code, a common pleas court, when hearing an appeal from an administrative agency, is usually confined to the transcript as filed. Among a number of exceptions to that general rule, however, is that, when it appears on the face of the transcript that the testimony adduced before the administrative body was not given under oath, additional evidence may be allowed. According to plaintiffs, the Village received unsworn testimony during its hearing in this case, and, accordingly, the common pleas court should have received additional evidence. Plaintiffs failed, however, to proffer the additional evidence that they would have introduced before the common pleas court had they been permitted to do so, or to even suggest what that evidence would have been. Plaintiffs have not shown, therefore, that they were prejudiced by the common pleas court's refusal to permit them to introduce additional evidence.
Plaintiffs have also challenged the common pleas court's failure to provide them with a conference as required by Rule 19.04 of the Rules of the Summit County Common Pleas Court. Pursuant to Rule 19.04:
 In all appeals where the submission of additional evidence is required and permitted by law, the Notice of Appeal shall be accompanied by a motion supported by affidavit requesting the submission of additional evidence and specifying the nature and type of additional evidence to be submitted and the reasons therefor.
 The Court shall set such cases for conference in order to determine whether additional evidence is required, and to schedule a hearing, if necessary. * * *.
The Village has pointed out that the common pleas court held a pre-trial conference on February 26, 1998, at which it heard arguments on plaintiffs' motion to offer additional evidence. That conference arguably satisfied Rule 19.04. Nonetheless, such a conference was not required. Plaintiffs failed to file a motion, with their notice of appeal, supported by affidavit, requesting to submit additional evidence and specifying the nature and type of additional evidence to be submitted. They did not comply with Rule 19.04 and, therefore, were not entitled to a hearing pursuant to it.
Finally, plaintiffs have argued that they were entitled to an oral hearing, pursuant to Rule 21(A) of the Ohio Rules of Appellate Procedure. They have not, however, cited any authority that requires a common pleas court, in an administrative appeal, to grant oral argument on any issue. Furthermore, according to the record, plaintiffs did not move the common pleas court for oral argument. Finally, Rule 19.03 of the Rules of the Summit County Common Pleas Court provides that, in all appeals in which no additional evidence is required, the case "shall be submitted to the Court on briefs[.]" Because no additional evidence was to be received in this case, it was to be submitted on briefs and, consequently, no oral argument was required. Plaintiffs' second assignment of error is overruled.
 III.
Plaintiffs' assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 -------------------- CLAIR E. DICKINSON FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR
[1] Plaintiffs' assignments of error have been consolidated for ease of discussion.
[2] Apparently, Structural Sales Corporation would have developed the property and, afterward, Dayton Freight Inc. would have purchased the land to operate its truck terminal. Although it appears that plaintiffs are not co-owners, because actual ownership of the property is not an issue in this case, this Court will, for ease of discussion, refer to the land as plaintiffs' property.