JOURNAL ENTRY
The Journal Entry and Opinion of this Court released on March 16, 2000, in this case contained a clerical error on the cover page, which reads:
DATE OF ANNOUNCEMENT OF DECISION: MARCH 13, 2000
This date is corrected to read:
DATE OF ANNOUNCEMENT OF DECISION: MARCH 16, 2000
It is hereby ordered that said journal entry and opinion of March 13, 2000, be amended nunc pro tunc to correct the error on the cover page of the opinion as stated above.
It is further ordered that, as so amended, said journal entry and opinion of March 13, 2000, shall stand in full force and effect in all its particulars.
The corrected entry is attached.
TIMOTHY E. McMONAGLE, P.J. and ANNE L. KILBANE, J. CONCUR.
 __________________________ LEO M. SPELLACY JUDGE
1799-1873 BEALL AVE. v. CLEV. BD., BLDG. S., ___ Ohio App.3d ___ (3-16-2000) ___ N.E.2d ___ 1799-1873 BEALL AVE. CO., INC. Appellant vs. CLEVELAND BOARD OF BUILDING STANDARDS AND BUILDING APPEALS, ET AL. Appellees and 1799-1873 BEALL AVE. CO., INC. Appellant vs. CLEVELAND BOARD OF ZONING APPEALS, ET AL. Appellees. Nos. 75837, 75917. Court of Appeals of Ohio, Eighth District, Cuyahoga County. Date of Announcement of Decision: March 16, 2000.
CHARACTER OF PROCEEDING: CIVIL APPEALS FROM THE CUYAHOGA COUNTY COURT OF COMMON PLEAS CASE NOS. CV-362533 AND CV-372106.
For Appellant: PAUL M. GREENBERGER (#0030736), 24500 Chagrin Blvd., Suite #101, Beachwood, Ohio 44122.
For Appellees: CORNELL CARTER (#0062986), City of Cleveland, Dir. of Law, DENNIS A. MATEJKA, (#0017288), Assistant Director of Law, 601 Lakeside Avenue, Rm 106, Cleveland, Ohio 44114.
 JOURNAL ENTRY AND OPINION
LEO M. SPELLACY, J.:
Appellant 1799-1873 Beall Avenue Company, Inc. ("appellant") appeals from the order of the trial court denying appellant's motion for stay and its emergency motion to enforce stay in Case No. CV-362533. Appellant also appeals from the order of the trial court denying appellant's motion for stay in Case No. CV-372106. For the reasons adduced below, we affirm the judgments of both trial courts.
CASE NO. CV-362533:
Appellant owns property located at 6605 Clark Avenue in Cleveland, Ohio. On April 7, 1998, the Chief of the City of Cleveland's Division of Fire issued a notice of fire code violation against appellant after a warehouse fire on the subject property. On April 8, 1998, the Commissioner of the City of Cleveland's Division of Building and Housing issued a notice of electrical violation against appellant.
Appellant appealed these violations to appellee Cleveland Board of Building Standards and Building Appeals ("BBS"). In a resolution adopted on August 5, 1998, BBS denied appellant's appeal and sustained the violation notices.
On August 25, 1998, appellant filed a notice of appeal from the resolution of BBS with the Cuyahoga County Court of Common Pleas. Appellant filed a motion for stay contemporaneously with its notice of appeal. On November 12, 1998, appellant filed an emergency motion to enforce stay. In a journal entry filed on December 7, 1998, the trial court denied appellant's motion for stay and its emergency motion to enforce stay. Therefrom, appellant filed a notice of appeal (Cuyahoga App. No. 75837)
CASE NO. CV-372106
On July 20, 1998, the Commissioner of the City of Cleveland's Division of Environment and the Department of Public Health issued a notice of violation against appellant. Appellant filed an appeal of this violation with the Cleveland Board of Zoning Appeals ("BZA"). At its meeting on November 9, 1998, BZA voted to sustain the violation notice and deny appellant's appeal. On December 7, 1998, BZA voted to deny appellant's request for a rehearing.
On December 18, 1998, appellant filed a notice of appeal from the decision of BZA with the court of common pleas. Appellant also filed a motion for stay contemporaneously with its notice of appeal. In a journal entry filed on January 5, 1999, the trial court denied appellant's motion for stay.
On January 27, 1999, appellant filed a notice of appeal from the order of the trial court denying appellant's motion for stay in Case No. 372106 (Cuyahoga App. No. 75917). On February 1, 1999, this court issued a sua sponte order consolidating Cuyahoga App. Nos. 75837 and 75917.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S MOTION TO STAY ENFORCEMENT PENDING APPEAL TO THE COURT OF COMMON PLEAS OF AN ADVERSE DECISION OF AN ADMINISTRATIVE BODY OF THE CITY OF CLEVELAND.
In its sole assignment of error, appellant argues that the trial judges erred when they denied its motions for stay pending the underlying administrative appeals. In support of its motions, appellant cited R.C. 2505.09, Civ.R. 62 (B), and Cleveland Codified Ordinance Sections 367.09 and 3103.20 (e) (3).
The determination of whether to issue a stay rests within the trial court's sound discretion and will not be disturbed on appeal absent a showing of an abuse of discretion. See State ex rel.Verhovec v. Mascio (1998), 81 Ohio St.3d 334, 336. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
R.C. 2505.09, which sets forth the requirements for a stay of execution of a judgment, states in pertinent part:
 * * * [A]n appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *. (Emphasis added.)
To satisfy the requirements of R.C. 2505.09, appellant was required to execute a supersedeas bond. Likewise, a supersedeas bond is a prerequisite to a stay of execution of a judgment pending appeal under Civ.R. 62 (B). Civ.R. 62 (B) provides:
 When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court. (Emphasis added.)
Appellant failed to post supersedeas bonds and otherwise follow the procedures for obtaining stays of execution during the subject administrative decisions. Appellant insists that bonds were not a prerequisite for stays during the underlying administrative appeals. However, the cases cited by appellant merely stand for the proposition that an appellant is not required to post a supersedeas bond in order for its appeal to be effectiveunder R.C. 2505.06. See Mahoney v. Berea (1986), 33 Ohio App.3d 94
and Martin v. Bedford Heights (Aug. 20. 1998), Cuyahoga App. No. 73725, unreported. See, also, Trademark Homes v. Avon Lake Bd. ofZoning Appeals (1993), 92 Ohio App.3d 214 (holding that a supersedeas bond under R.C. 2505.06 is required only when a judgment was rendered for money damages). The cases cited by appellant do not address the necessity of a supersedeas bond as acondition for a stay of execution under R.C. 2505.09.
In addition, R.C. 2505.09 and Civ.R. 62 (B) would have only empowered the trial judges to stay the execution of the violation notices that were the subject of their respective cases. Notwithstanding, appellant requested a stay of the prosecution of another notice of electrical violation issued on October 2, 1998. which was pending in Cleveland Municipal Court. The notice of violation issued on October 2, 1998, and any subsequent violations, are not at issue in the underlying proceedings and, therefore, are outside the trial courts' jurisdiction.
Appellant also relies on Cleveland Codified Ordinance Sections 367.09 and 3103.20 (e) (3) to support the proposition that it was entitled to an automatic stay as a matter of law. Section 367.09 provides:
 Filing of an appeal from any notice of the Commissioner shall suspend action on enforcement of such notice until the appeal is acted upon by the Board of Building Standards and Appeals, or, in matters relating to zoning by the Board of Zoning Appeal. (Emphasis added.)
Section 367.09 only stays action on a violation notice while that particular notice is pending before the administrative board. As such, any action on the electrical violation was stayed until August 5, 1998, when BBS adopted its final resolution on that notice. Likewise, any action on the zoning violation was stayed until BZA issued its final decision on December 8, 1998. Thereafter, the respective stays expired as a matter of law. Section 367.09 does not apply during an administrative appeal to the court of common pleas under R.C. 2506.01 et seq.
Cleveland Codified Ordinance Section 3103.20 provides for BBS's appeal procedure. Section 3103.20 (e) (3) states:
 An appeal [to BBS] shall stay all proceedings in furtherance of the action appealed from, unless the officer or agency from whom the appeal is taken shall file with the Board, after the notice of appeal has been filed with him or it, a certificate, a copy of which shall forthwith be mailed to the appellant at the address stated in the notice of appeal, that, by reason of facts stated in the certificate, a stay would in his or its opinion, cause immediate peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by the Board, or by a court of competent jurisdiction upon application, and upon notice to the officer or agency from whom the appeal is taken, and on due cause shown.
Once again, a stay under Section 3103.20 only applies while a violation is on appeal to the BBS. Section 3103.20 does not apply to administrative appeals to the court of common pleas.
Based upon the foregoing, we find that the trial courts did not err in denying appellant's motions for stay. Appellant's assignment of error is overruled. The judgments of the trial courts are affirmed. The stay pending the instant appeal, granted by this court on March 8, 1999, is hereby vacated.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and ANNE L. KILBANE, J. CONCUR.
 ______________________ LEO M. SPELLACY, JUDGE