OPINION
{¶ 1} Plaintiff-appellant, National Amusements, Inc., appeals from a decision of the Clermont County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Union Township Board of Zoning Appeals ("BZA") and CBL Associates Properties, Inc. ("CBL"). We affirm the decision of the trial court.
 {¶ 2} On June 12, 2002, CBL filed an application requesting several variances from the Union Township Zoning Resolution, in relation to the multiple parcels of real estate which comprise the Eastgate Mall property. The application specifically names the six parcels "in which the mall building, the anchors and the associated parking are located," and three other parcels, "the existing Cinema (one parcel) and Outlot [sic] buildings (two parcels)." The parcels comprising the mall site have several owners. CBL owns some of the property and is responsible for managing the mall.
 {¶ 3} A hearing on the request was scheduled for July 11, 2002. On June 27, 2002, notice of the hearing was mailed to affected property owners, including appellant. That same day notice of the hearing was also published in a local newspaper. In addition to providing notice of the day and time of the hearing, the notices specified the requested variance, and described the property as "4601 Eastgate Boulevard." The hearing took place as scheduled and evidence was presented by CBL in favor of the variance. Appellant did not make an appearance at the hearing and the variance was granted.
 {¶ 4} Appellant timely filed an appeal of the variance with the trial court. The trial court dismissed the appeal with prejudice, finding that appellant lacked standing because it failed to participate in the administrative hearing. On appeal to this court, appellant raises a single assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT AMUSEMENTS IN GRANTING MOTIONS TO DISMISS/MOTIONS FOR SUMMARY JUDGMENT FILED BY CBL AND THE BZA."[1]
 {¶ 6} Appellant contends that the trial court erred by dismissing its appeal. Appellant argues that the trial court erroneously concluded that appellant lacked standing because of its failure to participate in the administrative hearing.
 {¶ 7} The authority to dismiss a case is within the trial court's discretion; appellate review is therefore limited to determining whether the lower court abused that discretion. Pembaur v. Leis (1982),1 Ohio St.3d 89, 91. An abuse of discretion is indicated by an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112 (citations omitted).
 {¶ 8} R.C. 2506.01 grants appeal rights from decisions of the agencies of political subdivisions. Interpreting R.C. 2506.01, the Ohio Supreme Court has consistently conferred standing to bring an administrative appeal as follows:
 {¶ 9} "A resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the [zoning] chang[e] * * *, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court, has a right of appeal to the Common Pleas Court if the appeal is properly and timely made pursuant to Sections 519.15 and 2506.01 to 2506.04, inclusive, and Chapter 2505, Revised Code." Roper v. Richfield Twp. Bd. of Zoning Appeals
(1962), 173 Ohio St. 168, syllabus.
 {¶ 10} This holding was reaffirmed by the court in City ofWilloughby Hills v. C.C. Bar's Sahara Inc., 64 Ohio St.3d 24,1992-Ohio-111. In Willoughby, the court held that "[a]djacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2506.01." Id. at 26 (emphasis added), citing Roper at syllabus; see, also, Alihassan v.Alliance Board of Zoning Appeals (Dec. 18, 2000), Stark App. No. 1999CA00402 ("an adjacent or contiguous property owner, in addition to being `directly affected' by the decision * * * also must have actively participated in the administrative hearing"). Thus, we find that there is a clear requirement under Ohio law that one who wishes to appeal a decision of the BZA must participate in the administrative hearing in order to have standing to prosecute such an appeal.
 {¶ 11} Appellant cites Alihassan for its recognition of two exceptions to the active participation requirement earlier acknowledged in the decision. In a seriatim opinion, the Alihassan court noted two instances in which active participation is not required to confer standing to appeal from an administrative decision of the BZA. First, the court found that participation is not necessary when adequate notice of the proceeding is not provided. Second, the court found that participation is not required where the relief granted by the BZA is substantially different from that requested, or the relief requested is of a nature that the BZA is not authorized to grant.
 {¶ 12} We note that the Fifth District's Alihassan decision, with one judge dissenting, and another concurring on separate grounds, is not particularly persuasive authority. Additionally, the portion of the decision appellant relies on fails to cite authority in support of its contentions. However, to the extent that the exceptions noted inAlihassan relate to inadequate notice, either actual notice of the proceeding or notice of the nature of the relief which is requested or which may be granted, we agree with the decision. It is axiomatic that "requiring participation to preserve the right to appeal presupposes sufficient notice to the participant." Id.
 {¶ 13} In the present matter, there is no dispute that notice of appellee's request for a variance was mailed to appellant and published in a local newspaper. Rather, appellant argues under the second Alihassan
exception, that the BZA was without authority to grant the variance. Appellant contends that CBL, although charged with managing the mall properties, did not own the parcels subject to the variance it was requesting or otherwise have a cognizable legal interest in the property, and consequently lacked standing to request the variance.
 {¶ 14} Ohio courts have consistently ruled that if a court or administrative board allows a party to proceed to an administrative hearing without standing, an error is committed. Bishop v. MarionTownship Bd. of Zoning Appeals (Dec. 10, 1997), Hancock App. No. L 765633. However, that error is waived if it is not raised at the time the administrative hearing is commenced. Dutton v. Sylvania Tp. Bd. Of ZoningAppeals (Apr. 28, 2000), Lucas App. No. L-99-1052, citing Jenkins v. Cityof Gallipolis (1998), 128 Ohio App.3d 376, 385; Trademark Homes v. AvonLake Bd. of Zoning Appeals (1993), 92 Ohio App.3d 214, 217. Review of the transcript of the administrative hearing reveals that appellant failed to appear or otherwise bring the issue to the board's attention. Even if it is arguable that CBL was required to demonstrate ownership at the time it filed a request for a variance and at the hearing, the record clearly shows that no objection to its standing was filed in the administrative proceeding. Any lack of standing with respect to appellees that may have existed has consequently been waived. See id., citing Gallipolis at 385;Trademark Homes at 217.
 {¶ 15} Appellant further argues, again applying the second exception, that the relief granted by the BZA differs substantially from that requested by CBL. Appellant notes that the application filed by CBL contains legal descriptions of property owned by CBL in addition to the mall property, and that the variance granted only applies to the mall property. We find this argument unpersuasive. While CBL's application may contain legal descriptions of parcels in addition to those which comprise the mall property, the application accurately describes and includes the property subject to the variance granted.
 {¶ 16} We conclude that the BZA was authorized to grant the variance, and that the variance granted was substantially similar to that which was requested. Appellant failed to participate at the administrative hearing and consequently lacked standing to pursue an appeal of the BZA's decision. The trial court's decision dismissing the appeal does not constitute an abuse of discretion. The assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.
[1] Both summary judgment motions and motions to dismiss were pending before the trial court. The trial court found that appellant lacked standing to bring the appeal and granted the motion to dismiss.