R. A. MILLER PRODUCE, INC., APPELLANT, *v.* BOWERS, APPELLEE.
MILLER ET, APPELLANTS, *v.* BOWERS, APPELLEE.
DON MILLER SONS, INC., APPELLANT, *v.* BOWERS, APPELLEE.

Ohio Appeals, Fourth District, Washington County.

Nos. 266, 267, 268 and 269.   Decided October 14, 1963.

*Messrs. Metcalf & Thomas*, for appellant.
*Mr. William B. Saxbe*, attorney general, and *Mr. Edgar L. Lindsey*, assistant attorney general, for appellee.

COLLIER, P. J. These four separate cases come into this court on appeal from the decisions of the Board of Tax Appeals of Ohio. The factual situation in each case is the same and each case presents the same legal question. Therefore, we will consider the four appeals in this opinion as one case.

The case has been submitted on the motion of the appellee, Louis J. Schneider, Tax Commissioner of Ohio, to dismiss the appeal on the ground that this court does not have jurisdiction to entertain the appeal for the reason the notice of appeal filed with the Board of Tax Appeals did not set forth the decision of the board appealed from as required by Section 5717.04, Revised Code, and on the further ground that the copy of the notice of the appeal served on the Tax Commissioner was not served within the time required by Section 5717.04, Revised Code, and did not set forth the decision of the board appealed from.

The record discloses that the Board of Tax Appeals rendered its decision on March 18, 1963, and that the appellant taxpayer, on April 17, 1963, filed notice of appeal with the Board of Tax Appeals and with the Clerk of Courts of Washington County; that notice of appeal was served upon Louis J. Schneider, Tax Commissioner of Ohio, by registered mail, April 24, 1963. The following is a copy of said notice of appeal, omitting the caption, etc.:

"The appellant, R. A. Miller Produce, Inc., hereby gives notice of appeal from the decision of the Board of Tax Appeals, Department of Taxation of the State of Ohio, made and entered on the journal of its proceedings under date of March 18, 1963, in the above entitled cause, to the Court of Appeals for Washington County, Ohio, for the reasons that the decision and order of said Board of Tax Appeals is unlawful, unreasonable and void and that there is manifest error in said Board's decision in its definition of the term "processing" as used in Sections 5739.01 (E) (2) and 5741.01 (C) (2), Revised Code; that the operations of appellant's business did not qualify as a "process" under the statutes; and that the items of tangible

personal property upon which use and sales tax were assessed by the Tax Commissioner were not used or consumed directly in the production of tangible personal property for sale by processing; and the assessment made by the Tax Commissioner therein complained of, be affirmed.''

Appeals from the Board of Tax Appeals are authorized and controlled by Section 5717.04, Revised Code, which provides, so far as pertinent to the first question involved, as follows:

''Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board. Such notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of.''

The appellee contends that the notice of appeal filed by the appellant is insufficient to comply with the requirements of this statute in that the entire decision of the board is not set forth; that compliance with the statute requires a verbatim copy of the decision to be included in the notice of appeal. Appellant claims that the statute is not so exacting and that substantial compliance with the statute is all that is required and that the notice of appeal that was filed within the time prescribed by statute sufficiently identifies the decision from which the appeal is taken and plainly states the errors of which the appellant complains.

The right of appeal is not a natural one, but arises only by constitutional provision or statute, or both. Compliance with the terms imposed by statute is a condition precedent to the enjoyment of such right. 2 Ohio Jurisprudence (2d), 563, Section 9; *Collins, Exr.* v. *Millens,* 57 Ohio St., 289, 48 N. E., 109. Unquestionably, the appellant in the instant case is required to fulfill the conditions imposed upon him by the terms of Section 5717.04, Revised Code, in regard to the notice of appeal before he may exercise the right of appeal authorized by that statute. Substantial compliance with such specific and mandatory requirements governing the filing of such notice is essential to confer jurisdiction upon this court in such an appeal. *The American Restaurant and Lunch Co.* v. *Glander,* 147 Ohio St., 147, 70 N. E. (2d), 93.

Section 5717.04, Revised Code, and similar statutes providing for appeal from state agencies have been construed several times by the Supreme Court and the Courts of Appeals of Ohio, but, with one exception, we find these decisions of very little assistance in determining the sufficiency of the notice of appeal in the case before us. Most of these cases are easily distinguished from the case at bar upon the facts and law involved in those appeals. Whether or not the appellant has met the requirements of substantial compliance with the terms of the statute depends upon the facts and character or nature of the notice in each individual case.

In our opinion, the case of *Castleberry, d. b. a. Cedar Hill Farm* v. *Evatt*, 147 Ohio St., 30, 67 N. E. (2d), 860, is dispositive of the instant case. A motion to dismiss the appeal in the *Castleberry case* was submitted to the court at the same time as was the case on its merits. The notice of appeal in that case, as set forth on page 37 of Judge Zimmerman's dissenting opinion, simply recites that the appellant intends to appeal to the Supreme Court of Ohio from a "judgment" of the Board of Tax Appeals of a certain date, identifying the taxpayer against whom the tax commissioner had levied an assessment and which "judgment" was reversed by the Board of Tax Appeals; that the "judgment" of the Board of Tax Appeals was erroneous and contrary to law in finding, as a matter of law, that the milk which was the subject matter of the sales was sold to be consumed off the premises where sold. A majority of the Supreme Court concurred in the conclusion that the notice of appeal was adequate and a substantial compliance with Section 5611-2, General Code (now Section 5717.04, Revised Code).

It will be observed that the notice of appeal filed by the appellant in the instant case is very similar to the notice filed in the *Castleberry case*, but is more specific in designating the errors complained of by the appellant. As pointed out by Judge Zimmerman in the Castleberry case, the primary function of a notice of appeal is to advise the opposite party of the taking of an appeal and it is usually sufficient if it contains enough information to apprise the opposite party of the particular judgment which is sought to be reviewed; that

statutes relating to appeals are remedial and should be liberally construed. Also that the term "set forth," as used in the statute, does not mean to copy verbatim, but to recite or narrate facts or circumstances.

On the authority of the *Castleberry case*, the only reasonable conclusion is that the notice of appeal filed by the appellant in the instant case adequately describes and sets forth the decision complained of and definitely describes the errors complained of and was sufficient to meet the requirements of Section 5717.04, Revised Code.

The second question is, was the appellant required under the terms of this statute, to serve the tax commissioner, as appellee, with notice of appeal within thirty days from the date of the entry of the decision of the Board of Tax Appeals. Section 5717.04, Revised Code, after definitely fixing a thirty-day period after the entry of the decision by the Board of Tax Appeals within which an appeal may be taken, in the following paragraph, designates the persons who shall be made appellees, and further provides: "Unless waived, notice of the appeal shall be served upon all appellees by registered mail."

The appellee contends that the thirty-day period within which the appellant must file his notice of appeal with the board and the court also applies to serving the appellees by registered mail; that, it being conceded that the tax commissioner was not served with notice of the appeal until the thirty-seventh day after the entry of the decision, the conditions of the statute in this respect were not complied with and the appeal should be dismissed. With this contention we are unable to agree. The appellant is allowed thirty days after the entry of the decision to file his notice of appeal. In the instant case the notice of appeal was not filed until the twenty-ninth day after the entry of the decision. It would have been physically impossible to have served the appellee with notice by registered mail had the appellant taken the full thirty-day period allowed to take such action.

We find no indication in the language of the statute that the legislature intended the provision of the thirty-day limitation within which to file the notice of appeal with the court and the Board of Tax Appeals to apply to the service of the notice

by registered mail on the appellee. There is a general rule that statutes are to be given a fair and reasonable construction in conformity with their general object and purpose in order to effectuate such object and purpose. 50 Ohio Jurisprudence (2d), 230, Section 247. To require the appellant to serve the appellee with notice of appeal within the thirty-day period would defeat the purpose of the statute and deny the appellant the right of appeal therein granted. No definite time being fixed in the statute to serve such notice, the appellant was allowed a reasonable time to serve the notice, and, in our opinion seven days after the filing of the notice with the court and the Board of Tax Appeal is reasonable.

Appellee's contentions are without merit and the motion to dismiss the appeal is overruled. An entry may be prepared accordingly in each of the four cases.

Motion overruled.

BROWN and CARLISLE, JJ., concur.