DECISION AND JUDGMENT ENTRY
{¶ 1} Leonard M. Roop appeals the Ross County Court of Common Pleas' decision affirming the denial by Floodplain Regulations Variance Board of Ross County, Ohio ("Board") of his application for a variance. Roop asserts that the Board's denial of his request is arbitrary and unreasonable because the Board insisted that he demonstrate literal compliance with the flood regulations, and thus rendered the variance provisions meaningless. Because the Board followed the variance procedure outlined in the regulations when denying Roop's request for a variance, we find that the trial court did not err as a matter of law in affirming the Board's decision. Roop also asserts that the trial court erred in denying him a trial de novo, because the witnesses at the Board hearing gave unsworn testimony. Because Roop did not object to the unsworn testimony at the Board hearing, he waived any error, and therefore we find that the trial court did not err in denying his request for a trial de novo. Finally, Roop asserts that the trial court erred in denying his motion to consolidate this case with the injunction case filed by the Ross County Commissioners. Because the trial court's determination that the cases do not share a sufficient commonality of issues to justify consolidation is not arbitrary, unreasonable, or unconscionable, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Ross County Commissioners adopted Resolution number 91-114 ("Flood Regulations"), amending the Flood Damage Prevention Regulations of Ross County, for the regulation of flood hazard areas in Ross County. The Flood Regulations contain many methods for controlling flood risk, which include restricting structures in the floodway itself and on the fringe of the floodway. The Flood Regulations also contain a provision detailing the procedure by which one may obtain a variance from the Flood Regulations.
 {¶ 3} Roop owns land on Massieville Road in Ross County. When he applied for a loan to construct a building on his land, the bank required a flood zone determination. After Flood Zone Determination Services ("FZDS"), a private company hired by the bank, determined that Roop's property was not in a special flood hazard area, the bank approved the loan. Roop began construction on the building.
 {¶ 4} Just before Roop completed construction of his new building, the Flood Plain Administrator of Ross County sent Roop notice that the building violated the Flood Regulations. Specifically, the Adminsitrator alleged that Roop constructed a new building in a designated floodway without a development permit and without authorized materials and procedures for determining if any proposed encroachment would increase flood levels. The Adminsitrator ordered Roop to immediately cease construction, and advised Roop of his right to request a variance.
 {¶ 5} Roop applied to the Board for a variance, stating that he is entitled to a variance because of hardship. Specifically, Roop claims that he spent close to $250,000 to construct the building, and that, because his bank hired FZDS, he has no recourse against FZDS for its allegedly erroneous determination that his property is not in a floodway. Roop and another individual with the surname Roop (apparently Roop's father), spoke and presented evidence on Roop's behalf at the variance hearing. In addition, the Board members, the Flood Plain Administrator, and a County Administrator attended the hearing. The statements and arguments from the Roops dominated the hearing, but no one gave sworn testimony.
 {¶ 6} The Board denied Roop's request for a variance, finding that Roop's failure to show that his building would not create any increase in flood heights left the Board unable to approve his request. Additionally, the Ross County Commissioners filed an injunction action against Roop in the trial court, in which they sought an order requiring Roop to remove the building.
 {¶ 7} Roop appealed the denial of his variance request to the trial court. He requested that the trial court conduct a trial de novo, and that the court consolidate the variance case with the injunction case. The trial court denied Roop's request for a trial de novo and for consolidation. The court reviewed the appeal on the record alone, and affirmed the Board's denial of a variance.
 {¶ 8} Roop appeals, asserting the following assignments of error: "The court erred in affirming the Floodplain Regulations Board's decision denying the variance requested by appellant. II. The court erred in not ordering a trial de novo. III. The court erred when it failed to combine the within case with the still pending injunction case."
 II. {¶ 9} In his first assignment of error, Roop asserts that the trial court erred in affirming the Board's denial of his variance request.
 {¶ 10} R.C. 2506.04 delineates the roles of trial and appellate courts in reviewing administrative decisions. Pursuant to R.C. 2506.04, a trial court may affirm, reverse, vacate, or modify an administrative decision if it finds that the decision "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court should not substitute its judgment for that of the administrative board unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the administrative decision. Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34.
 {¶ 11} The trial court's ruling "may be appealed by any party on questions of law." R.C. 2506.04. Thus, R.C. 2506.04 limits the court of appeals' role to reviewing questions of law. Kisil at 34; Lawson v.Foster (1992), 76 Ohio App.3d 784. In Kisil, the court commented that R.C. 2506.04 "grants a more limited power to the court of appeals to review the judgment of the trial court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the trial court." Id.; Jenkins v. Gallipolis (1998), 128 Ohio App.3d 376, 381. The court further stated that "[w]ithin the ambit of `questions of law' for appellate court review would be abuse of discretion by the trial court."Id.; accord Irvine v. Ohio Unemp. Comp. Bd. of Rev. (1985),19 Ohio St.3d 15, 20; Wurzelbacher v. Colerain Twp. Bd. of Trustees
(1995), 105 Ohio App.3d 97, 100. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137.
 {¶ 12} Roop contends that the trial court erred as a matter of law in affirming the Board's decision, because the Board's decision is arbitrary and unreasonable. Specifically, Roop asserts that the Board's decision is clearly arbitrary and unreasonable because the Board insisted on literal compliance with the Flood Regulations even though the variance procedure describes a variance as a departure from literal compliance in the face of undue hardship. Roop contends that the Board's reason for denying his request for a variance applies to every encroachment in a floodway, thus rendering the variance procedure totally meaningless. To illustrate his point, Roop notes that even the proverbial pea taken from under the princess' mattress and placed in the floodway would cause an increase in the flood level during a flood.
 {¶ 13} Roop is correct that the Flood Regulations establish the Board "for granting variances from the floodplain management requirements of this resolution where owing to special conditions a literal enforcement of the provisions of this resolution will result in unnecessary hardship * * *." Ross County Commissioners Resolution No. 91-114, Section 4.5. However, the Flood Regulations go on to state that "[v]ariances shall not be issued within any designated floodway if any increase in flood levels during the base flood discharge would result."Id., Section 4.5-2(1).
 {¶ 14} In the definition section, the Flood Regulations distinguish between a "floodway" and the "floodway fringe." Id., Section 2.0. The Flood Regulations provide that developments will be permitted in the floodway fringe "subject to permit requirements of building elevation and/or floodproofing." Id. Thus, the Flood Regulations' methods for reducing flood losses include restricting structures not only in the floodway itself, but also on the fringe of the floodway.
 {¶ 15} Because the Flood Regulations create various restrictions on the use, development, or alteration of floodways and floodway fringe areas, the variance procedure still has meaning even if the Board insists on strict compliance in the floodway itself. Thus, the Board's insistence that Roop show that his building would not increase flood levels does not amount to treating the variance procedure as meaningless. Moreover, the Flood Regulations, and the variance procedure in particular, restrict the Board from granting a variance within a floodway when any increase in flood levels would result. Id. at Section 4.5-2. Therefore, when Roop failed to show that his building would not cause any increase to flood levels, the Board had no choice but to deny the variance request.
 {¶ 16} Upon review, we find as a matter of law that the trial court did not err in determining that the Board's decision is not unconstitutional, illegal, arbitrary, capricious, unreasonable, nor unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Accordingly, we overrule Roop's first assignment of error.
 III. {¶ 17} In his second assignment of error, Roop asserts that the trial court erred in denying his request for a trial de novo, because none of the testimony at the administrative hearing was sworn. The Board contends that Roop did not properly raise this issue in this court because he did not designate the trial court's order denying his motion for a trial de novo in his notice of appeal. Additionally, the Board contends that Roop failed to object to the unsworn testimony during the variance hearing, and that he thereby waived any error.
 {¶ 18} Pursuant to App.R. 3(A), the only jurisdictional requirement for filing a valid notice of appeal is the timely filing of the notice. App.R. 3(D) provides that the notice of appeal "shall designate the judgment, order or part thereof appealed from * * *." A court of appeals presented with non-jurisdictional defects in the notice of appeal possesses discretion to determine whether sanctions are warranted. App.R. 3(A); Transamerica Ins. Co. v. Nolan (1995),72 Ohio St.3d 320. App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of what appellants are appealing. Maritime Manufacturers, Inc. v.Hi-Skipper Marina (1982), 70 Ohio St.2d 257, 258-259; Parks v. Baltimore Ohio RR. (1991), 77 Ohio App.3d 426, 428.
 {¶ 19} The Board contends that Roop's notice of appeal of the final judgment entered on the merits did not make it aware that Roop would appeal the trial court's decision to deny a trial de novo. We note that the trial court considered the unsworn hearing testimony when making its final determination and, as such, the issues of what evidence the court would consider and whether that evidence provided the basis for reversal are intertwined. Thus, the notice that Roop intended to appeal the final judgment should have made the Board aware that Roop would appeal the trial court's consideration of certain evidence and refusal to consider other evidence. Additionally, we note that statutes relating to appeals are remedial and should be liberally construed, and that when possible we should decide cases on their merits rather than procedural technicalities. R.A. Moller Produce, Inc. v. Bowers (1963),119 Ohio App. 283, 286; State v. Adams (Jul. 30, 1998), Adams App. No. 98CA656.
 {¶ 20} Although we choose to consider Roop's assignment of error, we find that it has no merit. Roop argues that he is entitled to a trial de novo because the testimony at the administrative hearing was unsworn. The Board concedes that it erred in failing to require sworn testimony from the participants in the variance proceeding, but contends that Roop waived the error by failing to object. Roop contends that, pursuant toStores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, a party only waives his right to request a trial de novo if he fails to object to unsworn testimony while represented by counsel.
 {¶ 21} At its syllabus, Stores Realty does not distinguish between represented and unrepresented litigants. The Court simply holds, "[t]he omission of administration of the oath to a witness in a trial or administrative hearing is waivable error." Within the opinion, the court stated that the issue before it was "whether unsworn testimony is competent evidence, where the opposing party is represented by counsel who neither requests that the witness be sworn nor objects to the testimony." Id. at 42. Roop bases his argument on this sentence, asserting that the Supreme Court intentionally drew a distinction between litigants who are represented by counsel and those who are not.
 {¶ 22} Roop does not cite to any authority for his interpretation of Stores Realty. The syllabus represents the law of Ohio Supreme Court cases. Grange Mut. Cas. Co. v. Smith (1992), 80 Ohio App.3d 426, 431. While the body of the opinion may provide assistance in interpreting the syllabus, the body is generally considered dictum. Wood Diamond, Inc. v.Hyatt (1997), 121 Ohio App.3d 297, 306. At least one appellate court has applied the Stores Realty waiver rule to unrepresented litigants at an administrative hearing. Parker v. New Paris (Apr. 29, 1996), Preble App. No.CA95-10-24. Similarly, this court applied the waiver rule to litigants in a small claims court hearing. Knece v. Norway, Athens App. No. 98CA41, 2000-Ohio-1971.
 {¶ 23} Based upon these authorities, we find that Roop waived his right to a trial de novo when he failed to object to the unsworn testimony at the variance hearing, even though Roop did not have an attorney representing him at the hearing. Therefore, we find that the trial court properly denied Roop's request for a trial de novo. Accordingly, we overrule Roop's second assignment of error.
 IV. {¶ 24} In his third assignment of error, Roop asserts that the trial court erred in denying his request to consolidate this case with the injunction action brought against him by the Ross County Commissioners. The Board asserts that Roop did not file the motion to consolidate in this case, and therefore that we do not possess jurisdiction to consider it. While we agree that we do not possess jurisdiction to consider a motion that was not filed in the case before us, our review of the record in this case reveals that on November 21, 2002, Roop filed a motion to consolidate under a caption bearing this case's case number.
 {¶ 25} Civ.R. 42(A) provides that a trial court may consolidate actions involving common questions of law or fact. The determination of whether there is sufficient commonality of issues and parties to warrant consolidation is a matter left to the trial court's discretion. JamestownVillage Condo. Owners Assn. v. Market Media Research, Inc. (1994),96 Ohio App.3d 678, 687-688. Even in an instance when a consolidation is permissible, the court possesses discretion in deciding whether to order consolidation. Fair v. School Emp. Retirement Sys. of Ohio (1975),44 Ohio App.2d 115, 120. Thus, we will not reverse the trial court's determination on a motion to consolidate unless the court's decision is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 26} In this case, the trial court found that no commonality of issues existed between this case and the injunction action filed against Roop by the Ross County Commissioners. Specifically, the trial court found that its role in this case was to review the record rather than act as a finder of fact, and to determine whether Roop was entitled to an exception from the Flood Regulations,. In contrast, in the injunction case the court's role was to hear evidence on the issue of whether Roop violated the Flood Regulations and to determine whether the Flood Regulations are enforceable. We cannot say that the trial court's ruling that the two cases lack sufficient commonality of issues to justify consolidation is arbitrary, unconscionable or unreasonable. Accordingly, we overrule Roop's third assignment of error.
 V. {¶ 27} In sum, we overrule Roop's first assignment of error because the trial court did not err as a matter of law in determining that the Board's decision is not arbitrary or unreasonable. We overrule Roop's second assignment of error because Roop waived his right to insist upon sworn testimony by failing to object to the unsworn testimony at the Board hearing. Finally, we overrule Roop's third assignment of error because the trial court did not act arbitrarily, unreasonably, or unconscionably in denying Roop's motion to consolidate cases. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. JUDGMENT ENTRY It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
 It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents based on A/E I.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.