OPINION
{¶ 1} Appellant Marla Miller ("Miller") brings this appeal from the judgment of the Court of Common Pleas of Logan County, Juvenile Division.
 {¶ 2} On August 7, 1994, Makayla Butler ("Butler") was born to Miller and Alan Landon ("Landon"). Landon knew that Butler was his daughter, but had little contact with her until the fall of 2004, when Butler went to stay with Landon in Indiana for a while. Butler eventually returned to Ohio to live with Miller. On March 11, 2005, Logan County Children's Services ("LCCS") filed a complaint alleging that Butler was a dependent child due to Miller's making poor decisions jeopardizing the safety of herself and her children. The trial court appointed Linda Stoner ("Stoner") as guardian ad litem and counsel for Butler. Butler was placed under protective supervision in her own home. The case plan was filed on April 1, 2005, and required Miller to learn to meet the basic needs of her children, to take the children to counseling, to obtain counseling for herself to deal with her post traumatic stress and depression and to learn to make better decisions. On May 5, 2005, the parties admitted to a finding of dependency. At some point in time Landon made a motion to be named the residential parent of Butler. A dispositional hearing was held on June 6, 2005. At the conclusion of the hearing, Landon was granted residential parent status of Butler. Miller appeals from this judgment and raises the following assignments of error.
After hearing all the evidence, the trial court abused itsdiscretion by ignoring the factors listed in [R.C. 3109.04(F)(1)]and granting custody of [Butler] to [Landon].
 The trial court erred when it permitted the guardian ad litemto testify when she had not been placed under oath.
 The trial court erred when it failed to appoint an attorney torepresent [Butler] in the hearing, in addition to her guardian adlitem, when it was clear to the court after the in camerainterview and letter from [Butler] that what she wanted wasopposite what the guardian ad litem believed was in her bestinterests.
 [Miller's] attorney failed to preserve important testimonythrough a proffer, after the trial court incorrectly ruled on ahear-say objection and the trial court erred in sustaining anhearsay objection, when the testimony is not hearsay.
 {¶ 3} In the third assignment of error, Miller claims that the trial court erred in not appointing an attorney separate from the guardian ad litem to represent Butler in the hearing. In this case, the trial court determined that Butler, who was ten years old at the time of the hearing, was entitled to have counsel in the dependency action. The trial court then appointed Stoner to act as counsel for Butler as well as guardian ad litem. This is permitted under Juv.R. 4(C) and 2151.281(H). "If a person is serving as guardian ad litem and counsel for a child and either that person or the court finds that a conflict may exist between the person's roles as guardian ad litem and as counsel, the court shall relieve the person of duties as guardian ad litem and appoint someone else as guardian ad litem for the child." R.C.2151.281(H).
[W]hen an attorney is appointed to represent a person and isalso appointed guardian ad litem for that person, his first andhighest duty is to zealously represent his client within thebounds of the law and to champion his client's cause. If theattorney feels there is a conflict between his role as attorneyand his role as guardian, he should petition the court for anorder allowing him to withdraw as guardian. The court should nothesitate to grant such request.
* * *
The duty of a lawyer to his client and the duty of a guardianad litem to his ward are not always identical and, in fact, mayconflict. The role of guardian ad litem is to investigate theward's situation and then to ask the court to do what theguardian feels is in the ward's best interest. The role of theattorney is to zealously represent his client within the boundsof the law. DR 7-101; DR 7-102.
 In re Baxter (1985), 17 Ohio St.3d 229, 232-260,479 N.E.2d 257. See also 2006 Supreme Court of Ohio Bd. of Commrs. on Grievances and Discipline Ops. No. 2006-5.
 {¶ 4} Here, the testimony of Stoner was that she believed custody should be granted to Landon. However, the testimony of Butler during the in camera interview and the letter she wrote to the court clearly indicate that she does not want to live with Landon. Butler stated that she wanted to live with Miller or, in the alternative, with her grandparents in Ohio. Thus, there is a conflict between Stoner's testimony as the guardian ad litem and the testimony of Butler. Based upon this conflict, Stoner should have immediately withdrawn as the guardian ad litem as required by the statute, and a new guardian ad litem should have been appointed. Additionally, at the conclusion of the hearing, the trial court ordered the parties to file closing arguments. Stoner, the attorney for Butler, did not do so. At no time during the hearing did she act as an advocate for Butler's wishes. Instead, she acted solely as the guardian ad litem. Based upon the record before us, the trial court erred in not appointing a new guardian ad litem as required by statute when the views of the guardian ad litem and the ward conflict. The third assignment of error is sustained.
 {¶ 5} The first assignment of error claims that the trial court erred in not considering the factors listed in R.C.3109.04(F)(1). Having found error in the presentation of evidence in the hearing, a new hearing will be required. Thus, this issue is now moot.
 {¶ 6} The second assignment of error claims that the trial court erred in allowing the guardian ad litem to testify without first administering an oath. The trial court assumed that since the guardian ad litem was also an attorney, no oath was necessary. "Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so." Evid.R. 603. At no time was an oath or affirmation administered to Stoner. Instead, the trial court merely stated that since Stoner is an attorney, she is always under oath. However, Stoner was not presenting evidence to the court as an attorney, but rather as a witness and should have been placed under oath prior to testifying. Although Stoner should have been placed under oath, no objection to the failure was made at the hearing. The omission of the administration of the oath to a witness in a trial is waivable error. Roop v. RossCty. Floodplains Regulations Variance Bd., 4th Dist. No. 03CA2707, 2003-Ohio-5522. Since Miller failed to object to the failure at trial, no error is found. The second assignment of error is overruled.
 {¶ 7} Finally, Miller claims that her trial attorney failed to proffer testimony and the trial court erred in ruling that certain testimony was hearsay. The issue of the attorney's failure to proffer is moot since a new trial will be occurring. Miller also claims though that the trial court erred in finding certain testimony to be hearsay. Specifically the trial court instructed a witness that he could not testify to what either Miller or Landon told him based upon the hearsay rule. However, Miller and Landon are both parties in this matter. Statements made by parties and offered against that party are not hearsay by definition and are admissible. Evid.R. 801(D). Thus each statement of a party must be reviewed independently to determine if it was a statement against interest which would be admissible. The trial court erred in ruling that all statements by parties are hearsay and inadmissible. The fourth assignment of error is affirmed in part and rendered moot in part.
 {¶ 8} The judgment of the Court of Common Pleas of Logan County, Juvenile Division, is reversed and the matter is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 Shaw and Cupp, J.J., concur.