[Cite as *Gearhart v. Union Twp. Bd. of Trustees*, 2020-Ohio-5615.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

KARL D. GEARHART, : 

    Plaintiff-Appellant, : CASE NO. 20CA3700

    vs. : 

UNION TOWNSHIP BOARD OF : DECISION & JUDGMENT ENTRY
TRUSTEES, et al.,

     : 

    Defendants-Appellees.

     : 

---

APPEARANCES:

Scott R. Mergenthaler, Columbus, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

---

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-25-20
ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment that affirmed a decision of the Union Township Board of Trustees, defendant below and appellee herein,[1] to remove Karl D. Gearhart, plaintiff below and appellant herein, from his position as a Union Township firefighter. Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

---

[1] Appellant also named the Union Township Fire Department as a defendant and the fire department is named as an appellee in this appeal. As used in this opinion, "appellees" includes the Union Township Board of Trustees and the Union Township Fire Department.

"THE TRIAL COURT ERRED IN NOT AFFORDING PLAINTIFF-APPELLANT A FAIR HEARING WHEN HE WAS PRESENTED WITH UNSWORN WITNESSES IN VIOLATION OF EVID.R. 603 AND OHIO R.C. SECTION 733.39."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN UPHOLDING THE DECISION OF THE UNION TOWNSHIP BOARD OF TRUSTEES IN REMOVING PLAINTIFF-APPELLANT FROM HIS POSITION WHERE THERE WAS NO RECOMMENDATION FOR DOING SO BY THE CHIEF OF THE FIRE DEPARTMENT IN VIOLATION OF THE DEPARTMENT'S DISCIPLINARY MANUAL."

{¶ 2} In April 2018, the Union Township Board of Trustees held a hearing to consider appellant's removal as a township firefighter. Rex Cockrell stated that he has been a member of the Union Township Fire Department for approximately twenty-six years, and that he served as an assistant chief for approximately twelve years. Cockrell stated that in 2015, he stepped down from his role as an assistant chief due to appellant's behavior. Cockrell explained that appellant "was extremely defiant against any leadership in the department" and "had zero respect for authority."

{¶ 3} Cockrell also had other concerns with appellant's behavior. Cockrell conducted "numerous investigations" into appellant's behavior after residents called to complain that appellant posted material on Facebook that disparaged the fire department.

{¶ 4} Cockrell further explained that appellant failed to properly dispose of department property. Appellant believed that the department "store[d] too much stuff" and stated that the department needed "to get rid of all this crap," so appellant threw away some "turnout gear" by placing it in a dumpster. Cockrell also explained an incident when appellant allowed a firefighter,

who had not been trained in CPR and first aid, to respond to a call that "went out as a code." Cockrell stated that the firefighter gave the individual in need of medical assistance CPR and the family at the scene reported that the firefighters "didn't appear to know what they were doing."

{¶ 5} Cockrell related that he learned of the incident after some of the members of the fire department received subpoenas to testify at a deposition related to a wrongful death lawsuit that the family filed against the hospital and the township. Cockrell stated that the medic who had been at the scene told Cockrell that she "had already testified and [she was] very concerned." Cockrell explained that the medic related that during the deposition, the medic had been handed a medical report and asked whether she had prepared the report. The medic informed Cockrell that it was not her medical report because she had handwritten her report, but the report presented to her at the deposition had been typed. The medic further indicated that, although the typed report contained a signature, "the signature was just a squiggly line." Cockrell stated that he discussed the matter with the fire chief but that nothing happened.

{¶ 6} Cockrell's father, a firefighter, also spoke at the hearing and stated that appellant acted unprofessionally and was rude with the patients.

{¶ 7} Karen Gossman, the fiscal officer for Union Township, stated that appellant submitted a grant application with "misstated" financials. Gossman explained that the fire department had approximately $400,000 in reserve, but the grant application stated that the fire department had $2,000. Gossman related that she "was extremely concerned" about the numbers reported on the grant application and contacted the prosecutor's office. Gossman further indicated that appellant did not have approval from the board of trustees to submit the grant application.

{¶ 8} At the conclusion of the hearing, the board of trustees passed a resolution to remove appellant as a member of the Union Township Fire Department.   Appellant subsequently filed a notice of appeal from the board's decision.

{¶ 9} On December 16, 2019, the trial court determined that the board's decision to terminate appellant was supported by a preponderance of reliable, probative, and substantial evidence and was not contrary to law.   The court thus affirmed the board's decision and dismissed the appeal.   This appeal followed.[2]

A

{¶ 10} Appellant's two assignments of error challenge the propriety of the trial court's decision to affirm the board of trustees' decision to remove him as a township firefighter. Because the same standard of review applies to both assignments of error, we first set forth the principles that guide our review of appellant's two assignments of error.

{¶ 11} "In an R.C. 2506.01 administrative appeal, the common pleas court considers the whole record and determines whether the administrative order is 'unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.'"   *Independence. v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 13, quoting R.C. 2506.04.   "The court weighs the evidence to determine whether a preponderance of reliable, probative, and substantial evidence supports the administrative decision."   *Id.*   "[I]f it does, the court may not substitute its

_____

[2] Appellees' brief refers to affidavits that the trustees allegedly filed in the trial court proceedings and quotes the essential substance of the affidavits.   The record does not, however, indicate that the affidavits actually were filed with the trial court and made a part of the record submitted on appeal.

Moreover, the parties' briefs refer to portions of the fire department's disciplinary manual.   The disciplinary manual also is not part of the record submitted on appeal.

judgment for that of" the administrative agency. *Id.* "If it does not, the court may reverse, vacate, or modify the administrative decision." *Id.* The trial court may not, however, "blatantly substitute its judgment for that of the agency." *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).

{¶ 12} The standard of review for a court of appeals in an administrative appeal is more limited. *Shelly Materials, Inc. v. City of Streetsboro Planning & Zoning Commission*, 158 Ohio St.3d 476, 2019-Ohio-4499, 145 N.E.3d 246, ¶ 17; *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984); *Ellison v. Hillsboro*, 2016-Ohio-1556, 63 N.E.3d 555 (4th Dist.), ¶ 19. "The court of appeals reviews the common pleas court's judgment only on questions of law and does not have the same extensive authority to weigh the evidence." *Independence* at ¶ 14, citing *Henley* at 147. "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion. The court of appeals must affirm unless it finds, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence." *Id.* (citations omitted).

{¶ 13} "In sum, the standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance. It permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Foundation v. Bd. of Zoning Appeals of Cleveland*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 30.

{¶ 14} Consequently, an appellate court may not reverse a trial court decision unless (1) the court incorrectly applied or interpreted the law, or (2) the preponderance of the evidence fails

to support the trial court's decision.

B

{¶ 15} In his first assignment of error, appellant asserts that the trial court incorrectly concluded that he waived the right to argue that the failure to administer oaths to the witnesses entitles him to a new hearing. Appellant argues that he did not suggest, request, or consent to the hearing procedure and that he thus did not waive the right to challenge the failure to administer oaths to the witnesses.

{¶ 16} We recognize that Ohio law generally requires that before testifying, witnesses must be administered an oath. Evid.R. 603 states: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the witness' duty to do so." R.C. 2317.30 likewise provides: "Before testifying, a witness shall be sworn to testify the truth, the whole truth, and nothing but the truth." Moreover, R.C. 733.39 provides that "[i]n all cases in which the attendance of witnesses may be compelled for an investigation under section 733.38 of the Revised Code, any member of the legislative authority of the municipal corporation may administer the requisite oaths, and such legislative authority has the same power to compel the giving of testimony by attending witnesses as is conferred upon courts."

{¶ 17} Nevertheless, the failure to object to the admission of unsworn testimony at an administrative hearing will forfeit the right to raise the issue on appeal. "[T]he rule is well-established that a party may not, upon appeal, raise a claim that the oath of a witness was omitted or defective, unless objection thereto was raised at trial. If no objection was raised, the

error is considered to be waived." *Stores Realty Co. v. City of Cleveland, Bd. of Bldg. Standards & Bldg. Appeals*, 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 322 N.E.2d 629, 630 (1975); *accord Premier Dev., Ltd. v. Poland Twp. Bd. of Zoning Appeals*, 7th Dist. Mahoning No. 14 MA 91, 2015-Ohio-2025, 2015 WL 3398148, ¶¶ 28-29*; Stainfield v. Jefferson Emergency Rescue Dist.*, 11th Dist. Ashtabula No. 2009-A-0044, 2010-Ohio-2282, 2010 WL 2026069, ¶¶ 24-28; *Roop v. Ross Cty. Floodplain Regulations Variance Bd.*, 4th Dist. Ross No. 03CA2707, 2003-Ohio-5522, 2003 WL 22358828, ¶¶ 21-23; *Zurow v. Cleveland*, 61 Ohio App.2d 14, 24, 399 N.E.2d 92 (8th Dist. 1978). Thus, "'an attorney may not fail to object and then cite the lack of an oath as error. If that were possible, the remainder of the trial would be a "free play."'" *Stainfield* at ¶ 27, quoting *State v. Norman*, 137 Ohio App.3d 184, 198, 738 N.E.2d 403 (1st Dist. 1999). Consequently, "the failure to administer an oath to witnesses in an administrative proceedings is not [a] fatal" error that requires reversal. *Shields v. Englewood*, 2nd Dist. No. 21733, 172 Ohio App.3d 620, 2007-Ohio-3165, 876 N.E.2d 972, 2007 WL 1806063, ¶ 16.

{¶ 18} We further note that R.C. 2506.03(A)(3) and (B) allow a trial court to hear "additional evidence as may be introduced by any party" if testimony adduced at an administrative hearing was not given under oath. "At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party." R.C. 2506.03(B).

{¶ 19} In the case sub judice, appellant did not object during the administrative hearing to the failure to administer oaths to the witnesses. Moreover, on appeal to the common pleas court, appellant did not seek to introduce any additional evidence or call any witnesses in accordance

with R.C. 2506.03(A)(3) and (B). Under these circumstances, we conclude that appellant forfeited the right to raise the issue on appeal.

{¶ 20} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

{¶ 21} In his second assignment of error, appellant asserts that the evidence fails to show that appellees complied with the Union Township Fire Department's disciplinary manual when it discharged him.  Appellant contends that the disciplinary manual states that "[t]he chief shall recommend to the Union Township Board of Trustees, the removal of any officer."  Appellant contends that appellees did not establish that the chief recommended appellant's removal to the board of trustees.  Appellant appears to imply that the failure to comply with the disciplinary manual means that his termination is not valid.

{¶ 22} Appellees argue that appellant misquotes the disciplinary manual and that the disciplinary manual did not require the chief to recommend appellant's removal to the board of trustees.  According to appellees, the disciplinary manual states:

> The Chief shall recommend to the Union Township Board of Trustees, the removal of any officer or coordinator for gross neglect of duty, leave of absences without written notice, conduct unbecoming of an officer or coordinator, and leave of absences 181 days or longer with the exception of what is mentioned in Article IV, Section 3, paragraph 3.4.  No officer or coordinator shall be removed without compliance with the provisions of the Ohio Revised Code.

{¶ 23} Appellees assert that appellant was not terminated for one of the reasons listed in the disciplinary manual, but instead the board terminated appellant for "misfeasance, malfeasance and misconduct in office."  Appellees thus contend that the disciplinary manual did

not require the chief to recommend appellant's removal.

{¶ 24} Appellant, however, responds that "misfeasance, malfeasance and misconduct in office" are synonyms for the words contained in the disciplinary manual.  He thus argues that the disciplinary manual required the chief to recommend to the board of trustees his removal.

{¶ 25} R.C. 505.38 provides for the removal of firefighters in accordance with R.C. 733.35.  R.C. 733.35 provides that a firefighter may be removed if he "has been guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness."

{¶ 26} In the case sub judice, the board of trustees' cited reasons for terminating appellant tracks the language contained in R.C. 733.35, i.e., misfeasance, malfeasance, and misconduct in office.  The board of trustees' decision did not use the language contained in the disciplinary manual, i.e., "gross neglect of duty, leave of absences without written notice, conduct unbecoming of an officer or coordinator, and leave of absences 181 days or longer."  Because the board of trustees' language specifically tracks the statute's language and not the disciplinary manual's language, we do not agree with appellant that the board of trustees terminated him for any of the reasons cited in the disciplinary manual, i.e., "gross neglect of duty, leave of absences without written notice, conduct unbecoming of an officer or coordinator, and leave of absences 181 days or longer."

{¶ 27} Furthermore, assuming, arguendo, that appellees terminated appellant for one of the reasons listed in the disciplinary manual, and that the chief therefore was required to recommend appellant's removal to the board of trustees, appellant did not cite authority to support the proposition that the failure to comply with a fire department's disciplinary manual

when terminating a firefighter requires a determination that the termination is invalid. We additionally note that, according to the portion of the disciplinary manual quoted in appellee's brief, the manual states that "[n]o officer * * * shall be removed without compliance with the provisions of the Ohio Revised Code." Appellant did not allege that his removal failed to comply with the Ohio Revised Code or that it is invalid.

{¶ 28} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellees recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.