OPINION
{¶ 1} Appellant, GM Tanglewood, Inc., appeals from a judgment of the Geauga County Court of Common Pleas, granting summary judgment in favor of appellees, Bainbridge Township Trustees ("Bainbridge Trustees"), Samuel F. Desiderio, Charles S. Hesse, and Christopher Horn. Based upon the following, we affirm the judgment of the common pleas court.
 {¶ 2} The matter before us centers upon 1.467 acres of land owned by appellant. The record discloses the following facts. In 1980, appellant's predecessor in interest, GM Tanglewood Associates ("GMTA"), acquired a 23.14 acre tract of land in Bainbridge, Ohio. That same year, GMTA obtained a conditional use permit from the township to construct a shopping mall on the property. The conditional use permit allowed for an increase in maximum lot coverage, thereby allowing the property to conform with the applicable Bainbridge Township Zoning Ordinances. As demonstrated by the Bainbridge Township Zoning Ordinances, the 23.14 acres of land were located in a convenience business district which required lot coverage to not exceed 40 percent of the property. The remaining 60 percent is commonly referred to as "green space" or "open space."
 {¶ 3} In 1984, GMTA conveyed the 23.14 acres to Tanglewood Partners, who then re-conveyed 1.103 acres back to GMTA. GMTA later acquired .364 acres from an adjacent property owner, which increased the plot to its current size of 1.467 acres.
 {¶ 4} GMTA attempted to develop the 1.467 acres; however, in 1989, the Bainbridge Township Board of Zoning Appeals ("the BZA") denied a request from a company to construct a restaurant on the property. According to the BZA, when GMTA received the conditional use permit in 1980, the 1.103 acres originally re-conveyed were considered as "open space" and could not now be developed. GMTA did not appeal this decision.
 {¶ 5} Similarly, in 1990, the township zoning inspector denied a request to construct an office building on the 1.467 acres, finding that the property had been identified as "open space" in a previously issued conditional use permit that was still in effect. As before, the decision was not appealed.
 {¶ 6} In 1992, GMTA filed its own application for a zoning certificate to construct an office building on the 1.467 acres. The interim zoning inspector considered GMTA's request and denied the application on the grounds that it was identical to the previous one submitted in 1990, and that there had been no substantial change in circumstances during that time. GMTA did not file an appeal of the zoning inspector's decision.
 {¶ 7} Thereafter, GMTA transferred the subject 1.467 acres to appellant. As part of its efforts to build an office building on the property, appellant filed an application for a zoning certificate with the township zoning inspector on March 28, 2000. After the zoning inspector denied the application, appellant filed an appeal with the BZA on June 6, 2000. The BZA held a hearing on July 20, 2000, considered the evidence, and unanimously affirmed the zoning inspector's decision.
 {¶ 8} Specifically, the BZA found that when the township granted GMTA the conditional use permit to construct the shopping mall in 1980, a portion of the property appellant now owns was considered a part of the lot coverage. As a result, the BZA members concluded that an equitable servitude had been created on the original 1.103 acres reacquired by GMTA in favor of the property owned by Tanglewood Partners because appellant's land had to remain undeveloped in order to maintain the necessary lot coverage considered as part of the conditional use. In fact, the township zoning inspector considered appellant's lot as "open space" when he granted Tanglewood Partners a variance to further develop the mall in 1991.
 {¶ 9} On August 4, 2000, appellant filed a complaint in the Geauga County Court of Common Pleas. The complaint alleged that Bainbridge Township and the individual members of the BZA had "maliciously conspired" to deprive appellant of an appropriate use of its property, and that Tanglewood Partners participated in the conspiracy. Accordingly, appellant asked the common pleas court to order the BZA to grant its application for a zoning certificate and to award appropriate damages.
 {¶ 10} The common pleas court granted the township and the BZA's summary judgment and appellant filed a timely appeal with this court. After examining appellant's arguments on appeal, we affirmed the judgment of the common pleas court, holding that appellant had failed to properly appeal the BZA's ruling and there was no evidence of a conspiracy.
 {¶ 11} Subsequently, on November 7, 2001, the Bainbridge Trustees brought an appropriation case against appellant to acquire a ten-foot strip of land which is part of the 1.467 acres. In doing so, the Bainbridge Trustees filed a motion in limine to preclude appellant from presenting evidence that the subject property may be developed. The common pleas court granted the motion in limine.
 {¶ 12} Appellant then, in a separate proceeding, filed a petition for a writ of mandamus on September 13, 2002. The petition stated that the land-use regulations of Bainbridge Township have deprived appellant of all economically productive or beneficial use of the 1.467 acres. Accordingly, appellant requested a peremptory writ of mandamus commanding appellees to appropriate the property and for the trial court to issue an alternative writ of mandamus commanding appellees to initiate appropriation or show cause why appellees have not done so.
 {¶ 13} In response, appellees filed a motion for summary judgment arguing that appellant was barred from obtaining the writ of mandamus because the court had previously determined the parcel could not be developed; appellant failed to appeal this decision; and such decision was res judicata.
 {¶ 14} Appellant countered with a brief in support of its petition for a writ of mandamus and in opposition to appellees' motion for summary judgment. Within its brief, appellant argued that its claim was not barred by res judicata, as there had been no final judgment regarding the constitutional issue raised; namely, the obligation of Bainbridge Township to pay compensation for a taking.
 {¶ 15} On February 5, 2003, the common pleas court issued its judgment entry granting summary judgment in favor of appellees. The court then denied appellant's petition for a writ of mandamus.
 {¶ 16} From this judgment, appellant filed a timely notice of appeal setting forth the following two assignments of error:
 {¶ 17} "[1.] The trial court erred in granting respondents' motion for summary judgment.
 {¶ 18} "[2.] The trial court erred in denying Relator's Petition for a Peremptory Writ of Mandamus to compel the Respondents, Bainbridge Township Trustees, to appropriate the property of Relator and to pay compensation for the taking of Relator's property by depriving it of the right to devote it to economic, beneficial, productive use through the denial of zoning certificates by the application of Township land-use regulations by the zoning authorities of the Township."
 {¶ 19} Because appellant's two assignments of error are interrelated, we will discuss them in a consolidated manner. We will now set forth the appropriate standard of review. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc.,67 Ohio St.3d 266, 268, 1993-Ohio-12.
 {¶ 20} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner (1993), 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 21} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 22} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 23} Under its assignments of error, appellant contends that Bainbridge Township land-use regulations, as applied by appellees, have acted to deny appellant the economic and beneficial use of the 1.467 acres. Thus, appellant concludes, "[i]n denying a zoning certificate to [appellant], the Township has transgressed the United States Constitution and must pay compensation."
 {¶ 24} After reviewing the record before us, we have determined that appellant's instant constitutional challenge is barred by res judicata. "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Twp., 73 Ohio St.3d 379, 380,1995-Ohio-331.
 {¶ 25} The theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. Lasko v.General Motors Corp., 11th Dist. No. 2002-T-0143, 2003-Ohio-4103, at ¶ 16. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava at 382. Res judicata "applies to extinguish a claim by the plaintiff against the defendant even though plaintiff is prepared in the second action(1) To present evidence or grounds or theories of the case notpresented in the first action, or (2) To seek remedies or formsof relief not demanded in the first action." (Emphasis sic. and citation omitted) Id. at 383.
 {¶ 26} "`Collateral estoppel, an aspect of res judicata, prevents a question that has been actually and necessarily determined by a court of competent jurisdiction in a first cause of action from being relitigated between the same parties or their privies in a second, different cause of action.'" Lasko
at ¶ 15, quoting Goodson v. McDonough Power Equip., Inc. (1983)2 Ohio St.3d 193, 195. Based upon the theory of collateral estoppel, appellant's constitutional challenge fails.
 {¶ 27} Specifically, to prevail on its contention that the land-use regulations, as applied by appellees, had effectuated a taking under the Fifth Amendment, appellant was required to prove that such regulations denied it any economic use of the land See, e.g., State ex rel. Shemo v. Mayfield Heights,95 Ohio St.3d 59, 63, 2002-Ohio-1627, (holding that a compensable taking under the Fifth Amendment can occur when the landowner is denied all economically viable use of the land).
 {¶ 28} To recapitulate, appellant previously requested a zoning certificate to develop the parcel. However, the BZA denied appellant the zoning certificate, finding that a previous encumbrance was created by GMTA which required the land to remain "open space." The BZA further found that this encumbrance remained in effect even after appellant acquired the land The common pleas court sustained the BZA decision and this court subsequently affirmed. In doing so, we determined that "[a]ppellant * * * had opportunities in the past to challenge the BZA's prior rulings with respect to the development of its property but failed to take advantage of them." GM Tanglewood,Inc. v. Tanglewood Partners, 11th Dist. No. 2001-G-2377, 2002-Ohio-7126, at ¶ 30. Thus, we held that appellant was barred from contesting such rulings.
 {¶ 29} Likewise, in the case sub judice, appellant's constitutional claim puts in issue the BZA's prior rulings. Appellant's petition for a writ of mandamus argued that the Bainbridge Township land-use regulations, as applied by appellees, has deprived appellant of any economic or beneficial use of its land However, the BZA, common pleas court, and this court have previously determined that it was an encumbrance created by GMTA that prohibited it from developing the property, rather than the application of land-use regulations. Because this question has been actually and necessarily determined by courts of competent jurisdiction in a first cause of action, appellant is barred from relitigating this issue in a second, different cause of action, via collateral estoppel. Accordingly, as it is clear that the land-use regulations did not deprive appellant of economic viability of the land, appellant is unable to sustain its constitutional challenge and its assignments of error are not well-taken.
 {¶ 30} Based upon the foregoing analysis, appellant's assignments of error are without merit. We hereby affirm the judgment of the common pleas court granting summary judgment in favor of appellees.
O'Neill, J., Grendell, J., concur.